UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| GEORGE H. JOHNSON, III, and GLORIA J. JOHNSON, | }<br>}<br>} |
| Plaintiffs, | }<br>} |
| v. | } Case No.: 5:22-cv-01504-MHH<br>}<br>} |
| REDSTONE FEDERAL CREDIT UNION, et al., | }<br>}<br>} |
| Defendants. | } |

## MEMORANDUM OPINION

To initiate this lawsuit, on November 29, 2022, George Johnson and Gloria Johnson filed a *pro se* complaint against Redstone Federal Credit Union, Danny Adcock, and Heath Emerson. (Doc. 1). The Johnsons' disagreement with these defendants is not new. The dispute concerns a judgment lien dating back to 1997. To obtain relief from the lien, on December 10, 2014, the Johnsons sued the defendants in this action in Case No. 5:14-cv-2378. The Johnsons litigated their state law tort claims and their federal Fair Debt Collection Practices Act claims against the defendants for several years, first before a magistrate judge and then before the undersigned judicial officer. Ultimately, in July 2020, the Court

1

dismissed all claims in that action for failure to state a claim. (Case No. 5:14-cv-2378, Docs. 48, 85, 86).

The defendants have asked the Court to dismiss the Johnsons' new lawsuit against them. The defendants argue that the Court lacks jurisdiction over the Johnsons' claims and that the doctrine of *res judicata* bars the Johnsons' claims in this action. (Doc. 5). In resolving this motion, the Court is mindful of the rule that *pro se* pleadings "are held to a less stringent standard than pleadings drafted by attorneys." *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006). Though a district court must be lenient in its review of a *pro se* pleading, the court "cannot act as *de facto* counsel or rewrite an otherwise deficient pleading to sustain an action." *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020) (citation omitted).

Applying these standards, the Court denies the defendants' motion to dismiss for lack of jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure because the Johnsons have attempted to assert a federal claim against the defendants. The Johnsons allege that Redstone has violated the Dodd-Frank Act and that Redstone's alleged "deceptive act [] contains all of the legal elements of a RICO claim," (Doc. 1, pp. 2, 4, 7, ¶¶ 3, 15, 28). The Johnsons also assert that a federal question exists to prohibit a federal credit union from engaging in purported unlawful conduct, (Doc. 1, p. 7, ¶ 9).

Though the Johnsons' federal claims as pleaded do not have merit, the Johnsons' attempts to assert a RICO claim and a claim under the Dodd-Frank Act suffice to trigger this Court's jurisdiction under 28 U.S.C. § 1331. Section 1331 provides: "The District Court shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. When a plaintiff attempts to assert a claim under the United States Constitution or a federal law, the Eleventh Circuit has directed district courts to examine Rule 12 motions concerning the claims' viability under Rule 12(b)(6) rather than Rule 12(b)(1):

> When a district court has pending before it both a 12(b)(1) motion and a 12(b)(6) motion, the generally preferable approach, if the 12(b)(1) motion essentially challenges the existence of a federal cause of action, is for the court to find jurisdiction and then decide the 12(b)(6) motion. *Williamson v. Tucker,* 645 F.2d 404, 415 (5th Cir.), *cert. denied,* 454 U.S. 897, 102 S.Ct. 396, 70 L.Ed.2d 212 (1981). Exceptions to this rule exist, however, when "the plaintiff's claim 'has no plausible foundation' or 'is clearly foreclosed by a prior Supreme Court decision.'" *Id.* at 416.

*Jones v. State of Georgia*, 725 F.2d 622, 623 (11th Cir. 1984); *see also McCants v. Alabama-West Florida Conference of United Methodist Church,* 372 Fed. Appx. 39, 40 (11th Cir. 1984) (quoting the general rule from *Jones* but omitting exception). In a moment, the Court will discuss whether the Johnsons, by amendment, could identify a plausible foundation for a RICO claim or a claim under the Dodd-Frank Act. First, though, the Court will explain why *res judicata* bars the Johnsons' claims

3

and requires dismissal of those claims under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

To survive a defendant's Rule 12(b)(6) motion to dismiss, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In considering a Rule 12(b)(6) motion to dismiss, a district court accepts a plaintiff's well-pleaded facts as true and views the allegations in the complaint in the light most favorable to the plaintiff. *Sun Life Assurance Co. v. Imperial Premium Fin., LLC*, 904 F.3d 1197, 1207 (11th Cir. 2018); *Little v. CRSA*, 744 Fed. Appx. 679, 681 (11th Cir. 2018).

"Under *res judicata*, also known as claim preclusion, a final judgment on the merits bars the parties to a prior action from re-litigating a cause of action that was or could have been raised in that action." *In re Piper Aircraft Corp.*, 244 F.3d 1289, 1296 (11th Cir. 2001). "Claim preclusion bars a subsequent action when the following elements are present: (1) the prior decision was rendered by a court of competent jurisdiction; (2) there was a final judgment on the merits; (3) both cases involved the same parties; and (4) both cases involved the same causes of action." *Ferrier v. Atria*, 728 Fed. Appx. 958, 962 (11th Cir. 2018) (citing *Piper Aircraft Corp.*, 244 F.3d at 1296). If "the claim in the new suit was or could have been raised in the prior action," then res judicata applies. *Piper Aircraft Corp.*, 244 F.3d at 1296.

Claim preclusion bars the Johnsons' current lawsuit because this Court had jurisdiction over the Johnsons' 2014 lawsuit against Redstone, Mr. Adcock, and Mr. Emerson, and the Court resolved the Johnsons' claims in that action on the merits, dismissing those claims with prejudice. (Case No. 5:14-cv-2378, Doc. 86). The Supreme Court has stated that "[t]he dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a 'judgment on the merits'" for res judicata purposes. *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n.3 (1981). In the present case, the Johnsons assert claims against the same three defendants.

The claims the Johnsons raised in their 2014 complaint mirror the claims that they assert in their complaint in this action. In both actions, the Johnsons ask the Court, by declaration, to "set aside, vacate, and void all judgments/decrees enforcing any encumbrance past 2000," meaning the revived judgment lien. (Doc. 1, p. 8; Case No. 5:14-cv-2378, Doc. 14, pp. 19-23). The Johnsons' current claim for recovery of land and trespass is a reiteration of the trespass claim in their 2014 complaint. (Doc. 1, p. 9; Case No. 5:14-cv-2378, Doc. 14, pp. 17-18). Through the wantonness claims in both actions, the Johnsons seek compensatory and punitive damages they allegedly have suffered because of their lengthy legal battles concerning the revived lien. (Doc. 1, pp. 10-14; Case No. 5:14-cv-2378, Doc. 14, pp. 15-16). All of these claims rest on the Johnsons' extensive efforts to avoid

enforcement of the revived lien. (Doc. 1, p. 5, ¶ 18) (explaining that from "2013 to the present," the Johnsons have filed pleadings in which they seek relief from laws that the Johnsons allege should have prohibited the defendants from reviving the 1997 lien). The Johnsons may not relitigate in this action claims that the Court resolved on the merits in the 2014 lawsuit against Redstone, Mr. Adcock, and Mr. Emerson.

There is a slightly new twist in this action. To support a RICO claim or a claim under the Dodd-Frank Act, the Johnsons allege that they were unsuccessful in their effort to obtain relief in their recent state court proceedings (which began with a lawsuit in the Circuit Court of Limestone County, Alabama in 2021) because Redstone's alleged "network of influence and/or relationships likely caus[ed] the Alabama State courts to avert their judicial attention . . . ." (Doc. 1, p. 6). This broad, conclusory allegation does not suffice to assert a federal law claim, and the face of the allegation, pointing to "likely" influence peddling, evidences the allegation's speculative nature. Even if the Johnsons were to develop sufficient factual allegations to support their accusation against Redstone, the relief they seek loops back to "equitable relief and all other just compensation . . . to fully restore" the Johnsons "for all their losses and financial liabilities expended to remedy such conduct since 2007." (Doc. 1, p. 7). Though the claim bears a new label, the alleged

6

unlawful action and the requested relief is the same. Therefore, res judicata bars the Johnsons' attempted federal law claim in Count 1 of their complaint.[1]

For the reasons discussed in this order, by separate order, the Court will dismiss this action based on res judicata. This Court has invested substantial resources in resolving the Johnsons' claims in this action and in the 2014 action, and the Johnsons' decade-long pursuit of relief from the revived judgment lien indicates that they may file another action against these defendants.[2] Pursuant to this Court's inherent authority to manage its docket, the Court instructs the Johnsons that if they wish to file another lawsuit in the Northern District of Alabama, they first must file in this action a motion for permission to file a new lawsuit.[3] In the motion, the Johnsons must explain how a new action differs substantively from their previous lawsuits concerning the revived judgment lien. Failure to comply with this instruction will result in the immediate dismissal of a new complaint concerning the judgment lien.

**DONE** and **ORDERED** this February 8, 2023.

---

[1] To the extent that the Johnsons, as the losers in their recent state court lawsuit, ask this federal court to review the decisions of the state appellate courts in that case, this Court is without jurisdiction to act. Only the United States Supreme Court has jurisdiction to hear such a challenge. *Lance v. Dennis*, 546 U.S. 459, 463 (2006).

[2] The parties have filed eight motions in this case since December 22, 2022. (Docs. 5, 7, 9, 14, 16, 17, 19, 22).

[3] *See, e.g.*, *Fisher v. Whitlock*, 784 Fed. Appx. 711, 714 (11th Cir. 2019) and the cases cited in *Fisher*.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE

8